FEB 21 2024 PM4:30
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr-49-JA-DCI
50 U.S.C. § 1705(a) & (c)
18 U.S.C. § 1956(h)

SERGEY VITALIEVICH KURCHENKO
a/k/a Serhiy Vitaliiovych Kurchenko
a/k/a Serhiy Vitaliyovich Kurchenko

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise specified:

## INTRODUCTION

1.      From at least in or about July 2017, and continuing until at least in or about February 2022, the defendant, **SERGEY VITALIEVICH KURCHENKO**, and others, orchestrated and carried out a plan to violate and evade and attempt to violate and evade the United States sanctions against **KURCHENKO** by receiving funds totaling approximately $330 million from United States persons and by transmitting goods, services, and funds to United States persons. The scheme was carried out with **KURCHENKO**'s direct involvement and through a series of companies that he owned and controlled. In furtherance of the scheme, and to promote the violation of United States sanctions against him, **KURCHENKO** and others transported, transmitted, and

transferred monetary instruments and funds from places within the United States to entities and accounts located outside the United States, and from entities and accounts outside the United States to places within the United States.

## RELEVANT INDIVIDUALS AND ENTITIES

2.      Defendant **SERGEY VITALIEVICH KURCHENKO** is a citizen of Ukraine believed to be residing in the Russian Federation. On July 30, 2015, the United States Department of the Treasury Office of Foreign Asset Controls ("OFAC") designated **KURCHENKO** as a Specially Designated National ("SDN") and blocked his property and interests in property. **KURCHENKO** was designated because he was responsible for or complicit in, or engaged in, directly or indirectly, misappropriation of state assets of Ukraine or of an economically significant entity in Ukraine.

3.      ZAO Vneshtorgservis ("Vneshtorgservis") is a company based in the unrecognized territory of South Ossetia in the Republic of Georgia. In the spring of 2017, the so-called Donetsk People's Republic and so-called Luhansk People's Republic put certain Ukrainian enterprises, including coal mines, under the control of Vneshtorgservis.

4.      Vneshtorgservis worked with Kompaniya Gaz-Alyans, OOO ("Gaz-Alyans"), a Russian company controlled by **KURCHENKO**, to export coal from the separatist-controlled Donetsk and Luhansk regions of Ukraine to Europe. On January 26, 2018, OFAC designated both Vneshtorgservis and Gaz-Alyans as SDNs and blocked their property and interests in property for, respectively: (a) having acted or

purported to act for or on behalf of, directly or indirectly, the so-called Donetsk People's Republic and the so-called Luhansk People's Republic, and (b) materially assisting, sponsoring, or providing financial, material, or technological support for, or goods or services to or in support of, Vneshtorgservis, the so-called Donetsk Peoples Republic, and the so-called Luhansk People's Republic.

5.      Company A is a limited liability company based in Orlando, Florida that is registered with the State of Florida and that, during the relevant period, operated in the steel industry and was operated and 100% owned by a United States citizen.

6.      No entity or individual appearing in this Indictment obtained the necessary authorization or license from OFAC to provide or contribute funds, goods, or services to or for the benefit of **KURCHENKO**, Vneshtorgservis, or Gaz-Alyans or to conduct or facilitate any transaction that evades, avoids, has the purpose of evading or avoiding, or causes a violation of sanctions against **KURCHENKO**, Vneshtorgservis, or Gaz-Alyans.

### RELEVANT LAW AND REGULATIONS
*IEEPA and the Ukraine-/Russia-Related Sanctions Regulations*

7.      The International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1708, provides to the President of the United States authority "to deal with any unusual and extraordinary threat, which has its source in whole or in substantial part outside the United States, to the national security, foreign policy, or economy of the United States." 50 U.S.C. § 1701(a). Pursuant to that authority, the President may declare a national emergency through Executive Orders that have the

3

full force and effect of law. Among other things, IEEPA empowers the President to "investigate, block . . . regulate, . . . prevent or prohibit, any acquisition, holding, withholding, use, transfer, withdrawal, transportation, importation or exportation of, or dealing in, or exercising any right, power, or privilege with respect to, or transactions involving, any property in which any foreign country or a national thereof has any interest by any person, or with respect to any property, subject to the jurisdiction of the United States." IEEPA further empowers the President to "issue such regulations . . . as may be necessary for the exercise of the authorities granted" by IEPPA.

8.      IEEPA further provides that it is a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any order, license, regulation, or prohibition issued pursuant to IEEPA. 50 U.S.C. § 1705(a) and (c).

9.      In March 2014, pursuant to IEEPA, the President issued Executive Orders 13660, 13661, and 13662 authorizing the Secretary of the Treasury, in consultation with the Secretary of State, to block all property and interests in property of persons involved in the Russian Federation military invasion of the Crimea region of Ukraine, including persons operating in the defense and related materiel sector of the Russian Federation.

10.      Pursuant to these Executive Orders, the Secretary of the Treasury promulgated the Ukraine-/Russia-Related Sanctions Regulations (Title 31, Code of Federal Regulations, Part 589), which generally prohibit any United States person

from conducting business with individuals or entities designated by OFAC as an SDN. Specifically, Ukraine-/Russia-Related Sanctions Regulations state that:

> The prohibitions . . . of this section include prohibitions on the following transactions: (1) The making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to paragraph (a) of this section; and (2) The receipt of any contribution or provision of funds, goods, or services from any person whose property and interests in property are blocked pursuant to paragraph (a) of this section.

31 C.F.R. § 589.201(b). The Ukraine-/Russia-Related Sanctions Regulations also prohibit "[a]ny transaction . . . that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this part" and "[a]ny conspiracy formed to violate the prohibitions set forth in this part." *Id.* at § 589.213. Further, "[a]ll transactions prohibited pursuant to any Executive order issued after December 19, 2014 pursuant to the national emergency declared in E.O. 13660 of March 6, 2014, are prohibited pursuant to this part." *Id.* at § 589.201(e).

11.    According to Section Four of Executive Orders 13660, 13661, and 13662, "[t]he prohibitions ... of [these] order[s] include but are not limited to: (a) the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to this order; and (b) the receipt of any contribution or provision of funds, goods, or services from any such person." Section 6(a) of Executive Orders 13660, 13661, and 13662 specifies that "the term 'person' means an individual or entity."

12.    Further, according to Section 5(a) of Executive Orders 13660, 13661, and 13662, "[a]ny transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this order is prohibited." Finally, Section 5(b) of these Executive Orders makes unlawful any conspiracy to violate the prohibitions set forth in the orders.

13.    On July 30, 2015, pursuant to Executive Order 13660, OFAC designated **KURCHENKO** as an SDN and blocked his property and interests in property. Specifically, OFAC designated the following names and aliases: "KURCHENKO, Sergey Vitalievich (a.k.a. KURCHENKO, Serhiy; a.k.a. KURCHENKO, Serhiy Vitaliyovych)." On January 26, 2018, pursuant to this same Executive Order, OFAC designated ZAO Vneshtorgservis and Gaz-Alyans, OOO as SDNs and blocked their property and interests of property. Kompaniya Gaz-Alyans, OOO is also known as "Company Gaz-Alliance LLC" and "Obshchestvo S Ogranichennoi Otvetstvennostyu Kompaniya Gaz-Alyans." As of these respective dates, in the absence of a license or authorization from OFAC, the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of **KURCHENKO**, Vneshtorgservis, or Gaz-Alyans, and the receipt of any contribution or provision of funds, goods, or services from **KURCHENKO**, Vneshtorgservis, or Gaz-Alyans, is prohibited. 31 C.F.R. § 589.201. Collectively, IEEPA, the Ukraine-/Russia-Related Sanctions Regulations, and Executive Orders 13660, 13661, and 13662 are referred to in this Indictment as the "United States Sanctions."

6

## THE SANCTIONS VIOLATIONS AND MONEY LAUNDERING SCHEME

14.    From at least in or about July 2017 and continuing until at least in or about February 2022, the defendant, **SERGEY VITALIEVICH KURCHENKO**, and others, conspired, orchestrated, and carried out a scheme: (a) to violate IEEPA by willfully conducting transactions for the purchase and sale of metal products, on behalf of **KURCHENKO** and Gaz-Alyans, with and for the benefit of United States persons; and (b) to commit international money laundering by transferring funds into and out of the United States to promote IEEPA violations. During the relevant period, **KURCHENKO** and others, through the use of companies that **KURCHENKO** owned and controlled, willfully engaged in transactions involving the sale and shipment of products valued at approximately $330 million to individuals and companies that **KURCHENKO** knew and believed were United States persons.

15.    Between July 2017 and April 2021, **KURCHENKO**, and others, used a network of shell companies that **KURCHENKO** owned and controlled to sell metal products, including pig iron, wire rods, and steel billets, to individuals and entities in the United States. These included metal products produced in factories in the Donbas region of Ukraine that were owned and controlled by **KURCHENKO**.

16.    During the course of the scheme, **KURCHENKO** knew and understood that he was subject to the United States Sanctions and that these sanctions barred him from doing business with United States persons without a license or authorization from OFAC. Moreover, **KURCHENKO** knew and understood that he and his

representatives were engaging in, and conspiring and attempting to engage in, prohibited transactions with United States individuals and entities, including Company A and its representatives.

17.     To facilitate the unlawful transactions described above, **KURCHENKO** personally met with United States-based purchasers in Moscow, Russia to negotiate metal transactions between entities that he owned and controlled and United States persons, including Company A and its representatives.

**COUNT ONE**
**Conspiracy to Violate IEEPA and**
**the Ukraine-/Russia-Related Sanctions Regulations**
**(50 U.S.C. § 1705(a) and (c) and 31 C.F.R. §§ 589.201 and 589.213)**

18.     Paragraphs 1 through 17 of this Indictment are restated and realleged as if fully set forth herein.

19.     Beginning in or about July 2017, and continuing through in or about February 2022, in the Middle District of Florida, and elsewhere, the defendant,

**SERGEY VITALIEVICH KURCHENKO,**
**a/k/a Serhiy Vitaliiovych Kurchenko,**
**a/k/a Serhiy Vitaliyovich Kurchenko,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to violate IEEPA, contrary to 50 U.S.C. § 1705(a) and (c), Executive Orders 13660, 13661, and 13662, and 31 C.F.R. §§ 589.201 and 589.213.

20.     Pursuant to the conspiracy, **KURCHENKO**, together with others, willfully and knowingly violated IEEPA and the regulations promulgated thereunder,

8

to wit, by willfully causing and attempting to cause on numerous occasions: (1) United States persons to provide funds, goods, and services to and for the benefit of **KURCHENKO** and entities owned and controlled by him; (2) United States persons to receive funds, goods, and services from **KURCHENKO** and entities owned and controlled by him; and (3) United States persons to willfully engage in transactions and facilitate transactions for the purpose of evading and avoiding the requirements of United States law with respect to the provision and receipt of funds, goods, and services, to, from, and for the benefit of **KURCHENKO** and entities owned and controlled by him, without having first obtained the required authorization from OFAC.

All in violation of 50 U.S.C. § 1705(a) and (c), Executive Orders 13660, 13661, and 13662, and 31 C.F.R. §§ 589.201 and 589.213.

## COUNT TWO
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

21.     Paragraphs 1 through 20 of this Indictment are restated and realleged as if fully set forth herein.

22.     Beginning in or about July 2017, and continuing through in or about February 2022, in the Middle District of Florida, and elsewhere, the defendant,

**SERGEY VITALIEVICH KURCHENKO,**
**a/k/a Serhiy Vitaliiovych Kurchenko,**
**a/k/a Serhiy Vitaliyovich Kurchenko,**

did knowingly combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit offenses in violation of 18 U.S.C. § 1956, that is, to knowingly transport, transmit, and transfer, and to attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A). It is further alleged that the specified unlawful activity is a violation of IEEPA, pursuant to 50 U.S.C. § 1705(a) and (c).

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE

1.      The allegations contained in Counts One and Two are fully incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

2.      Upon conviction of a conspiracy to violate, or a violation of, 50 U.S.C. § 1705, as alleged in this Indictment, the defendant,

**SERGEY VITALIEVICH KURCHENKO,**

**a/k/a Serhiy Vitaliiovych Kurchenko,**
**a/k/a Serhiy Vitaliyovich Kurchenko,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      Upon conviction of a violation of 18 U.S.C. § 1956(h) or 1956(a)(2)(A), as alleged in this Indictment, the defendant,

**SERGEY VITALIEVICH KURCHENKO,**
**a/k/a Serhiy Vitaliiovych Kurchenko,**
**a/k/a Serhiy Vitaliyovich Kurchenko,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of $332,293,157.66, which represents the proceeds of, and the amount involved in, the offenses.

5.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL



ROGER B. HANDBERG
United States Attorney

By: Chauncey A. Bratt
Assistant United States Attorney

By: Cherie L. Krigsman
Deputy Chief, MDFL National Security Section

MARGARET A. MOESER
Acting Chief, Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice

By: Sean O'Dowd, Trial Attorney

JENNIFER KENNEDY GELLIE
Acting Chief, Counterintelligence and Export Control Section
National Security Division
United States Department of Justice

By: Emma Ellenrieder, Trial Attorney

12

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## SERGEY VITALIEVICH KURCHENKO
a/k/a Serhiy Vitaliiovych Kurchenko
a/k/a Serhiy Vitaliyovich Kurchenko

## INDICTMENT

Violation: 18 U.S.C. § 1956(h),
50 U.S.C. § 1705(a) & (c)

A true bill.

Filed in open court this 21st day

of February , 2024.

Clerk

Bail    $_____